UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Guadalupe PEREZ-Cruz**<br><br>Defendant. | Magistrate Case No. **'08 MJ 0786**<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1324(a)(2)(B)(iii)-<br>Bringing in Illegal Alien(s) Without Presentation |

The undersigned complainant being duly sworn states:

On or about **March 10, 2008**, within the Southern District of California, defendant **Guadalupe PEREZ-Cruz**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Oscar Gustavo HINOJOSA-De Haro, Ramiro MADRIGAL-Aparicio, and Jose Alberto SOLORIO-Mendez** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens, and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 12th DAY OF **MARCH, 2008.**

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Oscar Gustavo HINOJOSA-De Haro, Ramiro MADRIGAL-Aparicio, and Jose Alberto SOLORIO-Mendez** are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On March 10 2008, at approximately 2052 hours, **Guadalupe PEREZ-Cruz (Defendant)**, applied for admission to the United States through primary lane 17 of the San Ysidro, California Port of Entry. Defendant was the driver of a 2006 Chevrolet Avalanche with California license plates. Defendant presented a photo-substituted United States Passport bearing the name Stacy Lynn MC MANEMY to a Customs and Border Protection Officer (CBP). During a search of the vehicle, the primary CBP Officer discovered several persons concealed in the cargo area and rear seat underneath a blanket. The vehicle and its occupants were subsequently escorted to secondary for further inspection.

In secondary, thirteen persons were found concealed on the floor of the cab and bed of the vehicle. All thirteen were determined to be citizens of Mexico without legal entitlements to enter the United States. Three of the thirteen individuals were retained as Material Witnesses and are now identified as **Oscar Gustavo HINOJOSA-De Haro (MW1), Ramiro MADRIGAL-Aparicio (MW2), and Jose Alberto SOLORIO-Mendez (MW3).**

During a videotaped interview, Defendant was advised of her Miranda rights and elected to answer questions without an attorney present. Defendant admitted knowledge of the concealed persons in the vehicle. Defendant stated she was to take the vehicle and persons to an unrecalled location in San Diego, California. Defendant admitted to having her smuggle fee of approximately $3,500.00 USD waived in exchange for driving the vehicle and smuggling the concealed persons into the United States.

A videotaped interview was conducted with the Material Witnesses. Material Witnesses stated that they are citizens of Mexico without legal documents to enter the United States. Material Witnesses stated that they or their family members made individual arrangements with unknown smugglers in Tijuana, Mexico and were to pay smuggling fees ranging from $3,000 to $3,800 USD to be smuggled into the United States. Material Witnesses admitted they were going to California to seek employment and residency.